IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | | |
|---|---|---|
| SHARON M. CARLSEN, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| CAROLYN W. COLVIN, Acting | * | No. 1:16-cv-00040-JJV |
| Commissioner, Social Security | * | |
| Administration, | * | |
| | * | |
| Defendant. | * | |

## MEMORANDUM AND ORDER

Plaintiff, Sharon Carlsen, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits. The relevant period in this matter spans nine months, from January 1 through September 30, 2011. Both parties have submitted appeal briefs and the case is ready for decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996). In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful consideration of the record as a whole, I find the decision of the Commissioner should be remanded for further consideration of the reports from Plaintiff's treating doctors.

Plaintiff was sixty-three years old at the time of the administrative hearing. (Tr. 59.) Ms.

Carlsen testified she was a high school graduate.  (*Id.*)

Plaintiff alleges she is disabled due to severe asthma.  (Tr. 188.)  The ALJ[1] first found Ms. Carlsen had not engaged in substantial gainful activity since January 1, 2011– the alleged onset date.  (Tr. 43.)  She has a "severe" impairment in the form of asthma.  (*Id.*)  The ALJ further found Ms. Carlsen did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1.[2]  (Tr. 45.)

The ALJ determined Ms. Carlsen had the residual functional capacity to perform work at all exertional levels except she was limited to work with "no concentrations of dust, fumes, gasses, odors, smoke, poor ventilation, or other irritants.  (Tr. 45.)  The ALJ assessed that Ms. Carlsen could perform her past work as a Truck Dispatcher Broker.  (Tr. 49.)  The ALJ noted this job was generally performed at the sedentary exertional level.  Accordingly, the ALJ determined Ms. Carlsen was not disabled.  (Tr. 50.)

In support of her Complaint, Plaintiff argues the ALJ erred in assessing her residual functional capacity.  (Doc. No. 11 at 3-5.)  The ALJ assessed that through the relevant period, ". . . the claimant had no exertional limitations.  However, she was limited to work with no concentrations of dusts, fumes, gasses, odors, smoke, poor ventilation, or other airborne irritants."  (Tr. 45.)

After careful review of the record, I am unable to agree that substantial evidence of record supports a conclusion that Plaintiff has "*no exertional limits*."  Treating physician, Glennette Haney, M.D., reports that Plaintiff has a combination of impairments and is extremely limited.  (Tr. 317-324.)  A "treating physician's opinion is generally given controlling weight if it is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

the other substantial evidence' in the record." *Teague v. Astrue*, 638 F.3d 611, 615 (8th Cir. 2011) (quoting 20 C.F.R. § 404.1527(d)(2)). The purpose underlying such deference is to reach a reliable disability determination, one that is based on medical opinions obtained through consistent and continued exposure to the claimant's impairments. *See Doyle v. Barnhart*, 331 F.3d 758, 762 (10th Cir. 2003). Treating physicians, in general, have a "unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations," 20 C.F.R. § 416.927(d)(2), and for purposes of determining a claimant's disability, "a longstanding treatment relationship provides some assurance that the opinion has been formed for purposes of treatment and not simply to facilitate the obtaining of benefits." *Doyle*, 331 F.3d at 762-63.

Unfortunately, Dr. Haney's assessments were submitted after the ALJ rendered her decision and the Appeals Council provided no specific rationale as to why they discounted these opinions. And while the Commissioner's counsel has provided compelling reasons why this evidence should not be relied upon, I find counsel's argument cannot be considered "substantial evidence."

So I am left with compelling evidence in support of Plaintiff's claims and no real basis to reject it. While I find this case to be a close call given a review of Dr. Haney's treatment notes as compared to her Questionnaires, I find remand is necessary for further consideration of Dr. Haney's opinions.

Accordingly, the ruling of the Commissioner must be reversed and the matter remanded because the decision of the Commissioner is based on legal error and not supported by substantial evidence. On remand, the Social Security Administration should reevaluate the medical evidence by expressly considering Dr. Haney's medical source statement.

THEREFORE, this matter is REVERSED and REMANDED for action consistent with this opinion. This is a "sentence four" remand within the meaning of 42 U.S.C. § 405 (g).

IT IS SO ORDERED this 29th day of November, 2016.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE